**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN CASTILLO, AKA Juan Lopez, AKA Luis Lopez, <br><br>         Petitioner, <br><br>   v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br>         Respondent. | No.    14-72193 <br><br> Agency No. A091-641-223 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Juan Castillo, a native and citizen of Mexico, petitions pro se for review of

the Board of Immigrations Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review questions of law de novo, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the BIA's finding that even if Castillo was eligible for asylum and withholding of removal, he did not suffer harm rising to the level of persecution. *See Wakkary v. Holde*r, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (being beaten, robbed and accosted by a mob did not compel finding of past persecution, and harm to associate was not 'closely tied' to petitioner). Further, the BIA did not err in finding that Castillo failed to establish membership in a cognizable social group. *See Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1228-29 (9th Cir. 2016); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, Castillo's asylum and withholding of removal claims fail.

Finally, substantial evidence supports the BIA's denial of Castillo's CAT claim because he did not demonstrate it is more likely than not he would be tortured by the Mexican government, or with its consent or acquiescence. *See*

14-72193

*Silaya*, 524 F.3d at 1073.

**PETITION FOR REVIEW DENIED.**

14-72193